UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

WAYNE MARTIN, LACKEYCIA MARTIN, and
LATIFA MARTIN,

                                                Plaintiffs,

            -against-

CITY OF NEW YORK, DOMINICK CAMINITI, MICHAEL
PIAZZA, and JOHN and JANE DOE 1 through10, individually
and in their official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                                Defendants,

----------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ OCT 08 2010 ★
BROOKLYN OFFICE

**COMPLAINT**

Docket No. 10 4614

Jury Trial Demanded

TOWNES, J.
LEVY, M.J.

       Plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff WAYNE MARTIN is a fifty-two year old African American man residing in Staten Island, New York.

7. Plaintiff LACKEYCIA MARTIN is a thirty-five year old African American woman residing in Staten Island, New York.

8. Plaintiff and LATIFA MARTIN is a thirty-one year old African American woman residing in Staten Island, New York.

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11. That at all times hereinafter mentioned, the individually named defendants, DOMINICK CAMINITI, MICHAEL PIAZZA, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14. On January 26, 2009, at approximately 6:00 a.m., plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, were lawfully present in their home at 1075 Castleton Avenue, Apartment 7B, Staten Island, New York, when the defendants together with other NYPD police officers broke the apartment's front door and entered said location with guns drawn.

15. The defendant officers grabbed, handcuffed and searched plaintiffs LACKEYCIA MARTIN and LATIFA MARTIN.

16. A defendant officer forcefully placed his forearm on plaintiff WAYNE MARTIN'S neck while he was laying on his bed face up. Thereafter, the defendant officers handcuffed plaintiff WAYNE MARTIN.

17. The defendant officers imprisoned plaintiffs LACKEYCIA MARTIN and LATIFA MARTIN for approximately one hour and then released said plaintiffs without charging them with violating any laws or statutes.

18. The defendant officers imprisoned plaintiff WAYNE MARTIN until his arraignment later that day in Richmond County Criminal Court on baseless charges filed under

3

docket number 2009RI000946; said charges having been filed based on the false allegations of defendant CAMINITI. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

19. The malicious prosecution compelled plaintiff WAYNE MARTIN to return to Court on four dates until July 13, 2009, when the false charges filed against plaintiff were dismissed and sealed in Richmond County Criminal Court.

20. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

21. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, promoting, compensating and supervising of its employees.

22. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force; the search of an individual's residence; the investigation of incidents; the execution of search warrants, and; the treatment of innocent and/or uninvolved individuals found at the location of the execution of a search warrant.

23. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to

violate the plaintiffs' civil rights.

24.  Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

25.  As a result of the foregoing, plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

26.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27.  All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28.  All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Unlawful Entry into the Home 42 U.S.C. § 1983)

32. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Upon information and belief, defendants entered plaintiffs' home without a warrant, and absent probable cause, exigent circumstances, or any lawful justification.

34. As a result plaintiffs' right to be free from an unlawful entry into the home via the Fourth Amendment was violated.

### AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

37. Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

38. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff WAYNE MARTIN'S constitutional rights.

40. As a result of the aforementioned conduct of defendants, plaintiff WAYNE MARTIN was subjected to excessive force and sustained physical and emotional injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants initiated, commenced and continued a malicious prosecution against plaintiff WAYNE MARTIN.

43. Defendants caused plaintiff WAYNE MARTIN to be prosecuted without probable cause until the charges were dismissed on or about July 13, 2009.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants issued criminal process against plaintiff WAYNE MARTIN by causing him to be arraigned and prosecuted for various violations of the Penal Law.

46. Defendants caused plaintiff WAYNE MARTIN to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up

7

their abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

47. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

49. As a result of the foregoing, plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

50. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The defendants seized, detained, arrested, and imprisoned plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, and subjected plaintiff WAYNE MARTIN to the excessive use of force and malicious prosecution, because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

52. As a result of the foregoing, plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN were deprived of their rights under the Equal Protection Clause of the United States Constitution.

### AS AND FOR A NINTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

53. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants had an affirmative duty to intervene on behalf of plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, whose constitutional rights were being violated in their presence by other officers.

55. The defendants failed to intervene to prevent the unlawful conduct described herein.

56. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

### AS AND FOR A TENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

57. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The individual defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

59. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: subjecting individuals to the excessive use of force during the search of a residence; arresting individuals without probable cause and then committing perjury and/or manufacturing and/or falsifying evidence in an effort to convict such individuals, and; arresting individuals without probable cause merely based on their presence at the location of the execution of a search warrant. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN.

63. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, were unlawfully arrested and plaintiff WAYNE MARTIN was subjected to the excessive use of force and maliciously prosecuted.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN'S constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from the illegal entry into their home;

    C. To be free from false arrest/unlawful imprisonment;

    D. To be free from the excessive use of force;

    E. To be free from malicious prosecution;

    F. To be free from malicious abuse of process;

    G. To be free from the failure to intervene.

68. As a result of the foregoing, plaintiffs WAYNE MARTIN, LACKEYCIA

MARTIN, and LATIFA MARTIN, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

69. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Within ninety (90) days after the claim herein accrued, plaintiff WAYNE MARTIN duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

71. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

73. Plaintiff WAYNE MARTIN has complied with all conditions precedent to maintain the instant action.

74. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

75. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants initiated, commenced and continued a malicious prosecution against

plaintiff WAYNE MARTIN.

77. Defendants caused plaintiff WAYNE MARTIN to be prosecuted without probable cause until the charges were dismissed on or about July 13, 2009.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

78. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendants issued criminal process against plaintiff WAYNE MARTIN by causing him to be arrested, arraigned and prosecuted in criminal court.

80. Defendants caused plaintiff WAYNE MARTIN to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

81. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

83. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

84. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

85. The aforementioned conduct was intentional and for the sole purpose of causing emotional distress to plaintiff WAYNE MARTIN.

86. As a result of the aforementioned conduct, plaintiff WAYNE MARTIN suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

87. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff WAYNE MARTIN.

89. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

90. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff WAYNE MARTIN.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

92. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Plaintiff WAYNE MARTIN'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR An EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

94. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

96. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. As a result of defendants' conduct, plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN were deprived of their right to equal protection of laws.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

98. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. As a result of defendants' conduct, plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN were deprived of their right to security against unreasonable searches, seizures, and interceptions.

100. As a result of the foregoing, plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 7, 2010

        LEVENTHAL & KLEIN, LLP
        45 Main Street, Suite 230
        Brooklyn, New York 11201
        (718) 722-4100
        By: _____
              BRETT H. KLEIN (BK4744)

        Attorneys for Plaintiffs WAYNE MARTIN, LACKEYCIA MARTIN, and LATIFA MARTIN